IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DALTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. CR 96-00276 SI

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner John Dalton, an inmate at the Federal Correctional Institution in Lompoc, California, filed this *pro se* motion requesting appointment of counsel. Docket No. 697, Pet.'s Mot. For the reasons discussed below, the motion is DENIED.

**BACKGROUND**

In September 1999, John Dalton ("petitioner") was convicted in federal court of one count of operating a continuing criminal enterprise, two counts of manufacturing marijuana and possessing marijuana with intent to manufacture, and three counts of conspiring to manufacture and possessing marijuana with intent to manufacture. Docket No. 345. In December 2000, petitioner was sentenced to 324 months in prison. Docket No. 434.

After his conviction and sentence were affirmed on direct appeal in May 2002, petitioner commenced a series of attempts to challenge his conviction and sentence in this Court. First, petitioner filed a petition under 28 U.S.C. section 2255 to have his sentence vacated or set aside on the grounds of ineffective assistance of counsel and outrageous conduct by the Drug Enforcement Administration

agents who investigated his crimes. Docket No. 496. On September 29, 2003, the Court denied the first habeas petition on the merits and entered judgment against petitioner. Docket No. 520. Thereafter, petitioner filed four successive motions to set aside his conviction and the denial of his section 2255 petition. Each of these motions focused on the same issues raised in petitioner's first section 2255 petition, and the Court denied all four motions. Docket Nos. 539, 540, 577, 601.

Petitioner then filed another petition for writ of habeas corpus under 28 U.S.C. section 2255. Docket No. 646. The Court denied the petition in June 2008 and explained to petitioner that he could not bring a successive habeas petition without obtaining an order from the Court of Appeals for the Ninth Circuit authorizing the Court to consider the petition. Docket No. 648. Petitioner then filed several more habeas petitions, which the Court denied in January 2009. Docket No. 658. The Court denied additional successive petitions in June 2009, July 2009, and December 2009. Docket Nos. 665, 672, 685.

In November 2009, petitioner brought a civil rights action under 28 U.S.C. sections 1983, 1985, and 1986, challenging the validity of his conviction and sentence. Docket No. 688. He sought permission from the Court to proceed *in forma pauperis*. *Id.* On April 21, 2010, the Court denied petitioner's application to proceed *in forma pauperis* and dismissed his complaint. *Id.* The Court informed petitioner that such a challenge should be brought as a successive section 2255 petition, with an order from the Ninth Circuit authorizing the Court to consider the petition. *Id.*

By the present motion, petitioner seeks appointment of counsel to assist him in filing a successive section 2255 petition. Docket No. 697, Pet.'s Mot.

**LEGAL STANDARD**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, a district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191,

1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *Id.* "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**DISCUSSION**

Petitioner requests that counsel be appointed to assist him in filing a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255. Docket No. 697, Pet.'s Mot. Because the Court finds that petitioner is unlikely to succeed on the merits and is able to adequately articulate his legal claims *pro se*, the Court declines to appoint counsel to petitioner.

Petitioner has not demonstrated that his prospective section 2255 petition is likely to succeed on the merits. The Court has made clear that before petitioner can file a successive motion under 28 U.S.C. section 2255, he must first obtain certification from the Ninth Circuit that the new motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without the requisite order from the Ninth Circuit, any successive section 2255 petition by a petitioner must be dismissed by the district court, without reaching the merits, for lack of jurisdiction. *See United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (holding that the district court lacked jurisdiction and therefore erred in reaching the merits of a second or successive motion because the petitioner failed to first obtain certification from the Ninth Circuit).

Here, petitioner has not shown that he has obtained an order from the Ninth Circuit authorizing this Court to consider a successive petition. Therefore, any successive section 2255 petition by petitioner would have to be dismissed by this Court, without reaching the merits, because petitioner has not satisfied the requirements for filing a successive section 2255 petition. *See id.*

The Court also finds that the legal issues involved in the present case at this time are not complex and petitioner is capable of competently articulating his claims *pro se*. Petitioner correctly titles his motion "Motion For Appointment Of Attorney Or For Other Relief." Docket No. 697, Pet.'s Mot. at 1. In his motion, petitioner states "[a]t this time [petitioner] begs the honorable court for attorney to be appointed or for other relief, to file for a sentence reduction motion . . . or any other way the attorney or court may know of to reduce his sentence at time said." *Id.* at 2. Here, petitioner is able to adequately assert that he seeks appointment of counsel to assist him in filing a motion to have his sentence reduced. Accordingly, the Court concludes that petitioner is not entitled to appointment of counsel to file a habeas corpus petition. *See Knaubert*, 791 F.2d at 728. The interests of justice do not require appointment of counsel at this time in this action.

## CONCLUSION

Petitioner's motion for appointment of counsel is DENIED. Docket No. 697.

**IT IS SO ORDERED.**

Dated: March 21, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE